**FILED**
NOV 1 5 2007
Nov. 15, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JH

| | | |
|---|---|---|
| COMPUTRON MEDICAL CORP., | ) | **07CV6482** |
| Plaintiff, | ) ) ) | **JUDGE GETTLEMAN** |
| v. | ) ) | **MAG. JUDGE ASHMAN** |
| YELLOW TRANSPORTATION, INC., | ) ) | State Case No. 2007AR001749 |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1337, 1441, 1445 and 1446, defendant Yellow Transportation, Inc. ("Yellow") hereby gives notice of the removal of this cause of action to the United States District Court, Northern District of Illinois, Eastern Division. Yellow states as grounds for removal that:

### PROCEDURAL STATUS OF THE CASE

1. On October 5, 2007, plaintiff Computron Medical Corp. commenced this action by filing its Complaint in the Circuit Court for the 18th Judicial Circuit, Dupage County, Illinois. The suit is numbered 2007AR001749.

2. The Circuit Court for the 18th Judicial Circuit, Dupage County, Illinois issued its Summons on October 5, 2007.

3. Yellow was served with the Summons and Complaint on October 16, 2007.

4. Yellow has not yet filed its answer to the Complaint.

5. This Notice of Removal is being filed in the record office of the Clerk of the United States District Court, Northern District of Illinois, Eastern Division.

KC-1550703-1

## BACKGROUND

6. Plaintiff's Complaint alleges that Yellow was required to transport by motor carrier, for compensation, plaintiff's property from Marlton, New Jersey to Mount Prospect, Illinois. (*See* Complaint, Ex. 1.)

7. Plaintiff's Complaint seeks damages, not including interest and costs, in the amount of $28,000, plus nine times actual damages as punitive damages, plus attorneys' and witness' fees for damage allegedly caused to its property transported by Yellow. (Complaint, and prayer for relief.)

8. Plaintiff's Complaint involves one (1) receipt or bill of lading and based on the damages sought in plaintiff's Complaint, the matter in controversy for the receipt or bill of lading exceeds $10,000, exclusive of interest and costs. (*See* Complaint.)

## BASIS FOR FEDERAL COURT ORIGINAL JURISDICTION

9. Transportation of plaintiff's property by motor carrier, for compensation, from Marlton, New Jersey to Mount Prospect, Illinois constituted transportation in interstate commerce under 49 U.S.C. § 13102(14) & (23) and § 13501(1)(A).

10. Because plaintiff's claims relate to transportation by motor carrier, for compensation, in interstate commerce, plaintiff's claims are governed exclusively by the Carmack Amendment to the Interstate Commerce Act. *See* 49 U.S.C. § 14706.

11. Because this action is governed by 49 U.S.C. § 14706, and the matter in controversy for each receipt or bill of lading exceeds $10,000.00, exclusive of interest and costs, this Court has original jurisdiction over the claims alleged in plaintiff's Complaint under 28 U.S.C. § 1337(a).

## PROPRIETY OF REMOVAL

12. This Notice of Removal is timely because it is filed within thirty (30) days of Yellow's receipt of the Complaint, in accordance with 28 U.S.C. § 1446(b).

13. This Court has original jurisdiction of this matter under 28 U.S.C. §1337(a) and (b).

14. This matter is properly removable under 28 U.S.C. § 1441.

15. Removal of this matter is not barred by 28 U.S.C. § 1445.

16. Pursuant to 28 U.S.C. § 1446(a), Yellow has attached hereto as Exhibit A copies of all process, pleadings, and orders served upon Yellow in this matter.

17. Pursuant to 28 U.S.C. § 1446(a) and (d), Yellow will file a copy of this Notice of Removal with the Circuit Court for the 18th Judicial Circuit, Dupage County, Illinois; will provide prompt notice to all adverse parties; and will file proof of service of all notices and filings with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division.

**WHEREFORE**, Yellow removes the above-captioned action from the Circuit Court for the 18th Judicial Circuit, Dupage County, Illinois, to the United States District Court, Northern District of Illinois, Eastern Division.

Respectfully submitted,

_____
Bruce C. Spitzer
METGE, SPITZER & KREID
30 West Monroe Street, Suite 630
Chicago, Illinois 60603
Telephone:   (312) 580-1710
Facsimile:    (312) 580-1711
ARDC No. 2691604

and

Kenneth R. Hoffman
David M. Buffo
BLACKWELL SANDERS LLP
4801 Main, Suite 1000
Kansas City, Missouri 64112
Telephone:   (816) 983-8000
Facsimile:    (816) 983-8080

*Attorneys for Yellow Transportation, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served via United States mail, postage prepaid, this 15th day of November, 2007, upon:

William B. Thompson
P.O. Box 584
Wheaton, Illinois 60189
Telephone: (630) 690-1971

*Attorney for Plaintiff*

Attorney

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COMPUTRON MEDICAL CORP.,          )
                                  )
         Plaintiff,               )
                                  )
v.                                )     Case No.
                                  )
YELLOW TRANSPORTATION, INC.,      )     State Case No. 2007AR001749
                                  )
         Defendant.               )

## DISCLOSURE STATEMENT OF YELLOW TRANSPORTATION, INC.

Pursuant to Federal Rule of Civil Procedure 7.1, Yellow Transportation, Inc. states that it is a wholly-owned subsidiary of the publicly held corporation YRC Worldwide, Inc.

Respectfully submitted,

Bruce C. Spitzer
METGE, SPITZER & KREID
30 West Monroe Street, Suite 630
Chicago, Illinois 60603
Telephone:   (312) 580-1710
Facsimile:   (312) 580-1711

and

Kenneth R. Hoffman   MO #55865
David M. Buffo       MO #52693
BLACKWELL SANDERS LLP
4801 Main, Suite 1000
Kansas City, Missouri 64112
Telephone:   (816) 983-8000
Facsimile:   (816) 983-8080

*Attorneys for Yellow Transportation, Inc.*

KC-1550711-1

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
10/16/2007
CT Log Number 512689890

**TO:** Kellie Moledor
YRC Worldwide Inc.
1077 Gorge Blvd
Akron, OH 44310-

**RE:** **Process Served in Illinois**

**FOR:** YELLOW FREIGHT SYSTEM, INC. (Former Name) (Domestic State: IN)
Yellow Transportation, Inc. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Computron Medical Corp., Pltf. vs. Yellow Freight, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Affidavit(s) |
| **COURT/AGENCY:** | Du Page County - 18th Judicial Circuit Court, IL<br>Case # 2007AR001749 |
| **NATURE OF ACTION:** | Insurance Litigation - Pltf filed its insurance claim with Dft on 03/23/07 Dft breach its duty by failing and refusing to pay Pltf. Amount $28,000.00 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/16/2007 at 11:00 |
| **APPEARANCE OR ANSWER DUE:** | 11/07/07 at 9:00 a.m. |
| **ATTORNEY(S) / SENDER(S):** | William B. Thompson<br>P.O. Box 584<br>Wheaton, IL 60189<br>630-690-1971 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 798287571491<br>Image SOP - Page(s): 9<br>Email Notification, Kellie Moledor Kellie.Moledor@yrcw.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Tawana Carter<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of 1 / PJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT
1

| ARBITRATION SUMMONS (WITHIN STATE ONLY) | COPY | 2297 (Rev. 12/04) |
|---|---|---|

**STATE OF ILLINOIS**  **UNITED STATES OF AMERICA**  **COUNTY OF DUPAGE**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

Computron Display Systems, Inc.

CASE NUMBER
**2007AR001749**

-vs-

Yellow Freight, Inc.

File Stamp Here

### THIS IS AN ARBITRATION CASE
### SUMMONS

To: Each defendant: Serve CT Corp., 208 S LaSalle St., Chicago

You are hereby summoned and required to appear before this Court at the **DuPage County Judicial Center, 505 N. County Farm Road, Wheaton, Illinois** in Courtroom ___2018___ at the hour of ___9:00___ M. on _____, 20 07 to answer the complaint of the plaintiff(s), a copy of which is hereto attached. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

R E T U R N: This summons may not be served later than three (3) days before the date of the appearance.

WITNESS: **CHRIS KACHIROUBAS**, Clerk of the Eighteenth Judicial Circuit Court and the seal thereof at Wheaton, Illinois.

Date: **OCT 05 2007**

**CHRIS KACHIROUBAS**
Clerk of the Eighteenth Judicial Circuit

**NOTICE TO PLAINTIFF**
If you fail to appear on the date set for return shown above, the case will be dismissed for want of prosecution.

A DISCLOSURE STATEMENT PURSUANT TO SUPREME COURT RULE 222 MUST BE ATTACHED TO THE COMPLAINT.

Name: William B. Thompson
DuPage Attorney No.: 85324
Address: P O Box 584
City/State/Zip: Wheaton IL 60189
Telephone: 630.690.1971

**To the Officer:**
This summons must be returned by the officer or other person to whom it was given for service with endorsement of service and fees, if any, immediately after service and not less than three days before the date of appearance. If service cannot be made, this summons shall be returned so endorsed.

**NOTICE TO PLAINTIFF OR PLAINTIFF'S ATTORNEY:** When preparing the above SUMMONS, you will insert a return date not less than 21 nor more than 40 days after the date of issuance.

**NOTE:** The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee, payable at the time of filing.

IN THE CIRCUIT COURT FOR THE 18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

Computron Medical Corp.,

    Plaintiff,

v.

Yellow Freight, Inc.,

    Defendant.

2007AR001749

Case No.
Assigned To: 2018
Claim:
Return Date:
Room: Arbitration, 2018

FILED
Oct 05 2007 - 13:50 PM

Chris Kachiroubas
CLERK OF THE
18TH JUDICIAL CIRCUIT
DUPAGE COUNTY ILLINOIS

## Complaint

*Count I – Negligence*

01.    Plaintiff is a Delaware corporation with offices in Addison, DuPage County,

02.    Defendant is a foreign corporation doing business in DuPage County,

03.    On or about February 26, 2007 Plaintiff contacted with Defendant by e-mail for confirmation that there would be insurance on Plaintiff's shipment of medical equipment on Defendant's transportation system, Ex. 1,

04.    Defendant's employees and/or agents informed Plaintiff's Account Representative Mr. Michael Cozzi that the insurance would be "self insured" by Defendant through one of its internal division for $35,000,

05.    Defendant had a duty to place the insurance on Plaintiff's said shipment of medical equipment,

06. There was damage in transit to Plaintiff's medical equipment on March 16, 2007,

07. Plaintiff filed its insurance claim with Defendant on or about March 23, 2007,

08. Defendant breached its duty by failing and refusing to pay Plaintiff's $28,000 insurance claim,

09. Defendant's negligent breach of its duty proximately caused damages to Plaintiff in the amount of $28,000,

10. Defendant's conduct was taken in reckless disregard of Plaintiff's rights,

WHEREFORE, Plaintiff requests judgment under this Count I for $28,000 in actual damages, nine times actual damages as punitive damages, costs and such other relief as the Court allows.

### Count II – Consumer Fraud Act Violations, 815 ILCS 505.1 et seq.

01. Plaintiff is a Delaware corporation with offices in Addison, DuPage County,

02. Defendant is a foreign corporation doing business in DuPage County,

2

03.    On February 26, 2007 Defendant's employee/agent Leon Delano stated to Plaintiff's Account Representative that Defendant would self-insure the $28,000 value of Plaintiff's shipment via Defendant of certain medical equipment,

04.    Defendant intended that Plaintiff's Representative would rely on Defendant's statement,

05.    Defendant's statement was one of material fact respecting the shipment because if Plaintiff's Representative had known it was false, Plaintiff would have bought insurance on this shipment elsewhere,

06.    Defendant's statement was false because it did not provide the self-insurance for Plaintiff's said shipment,

07.    Defendant's conduct was taken in reckless disregard of Plaintiff's rights,

08.    Defendant's conduct has proximately caused damages to Plaintiff,

WHEREFORE, Plaintiff requests judgment under this Count II against Defendant for $28,000 in actual damages, nine times actual damages as punitive damages, costs, attorneys and witness' fees and such other relief as the Court allows.

### Count III – Breach of Contract

01.    Plaintiff is a Delaware corporation with offices in Addison, DuPage County,

02.    Defendant is a foreign corporation doing business in DuPage County,

3

03.     On February 26, 2007 Plaintiff offered to buy insurance from Defendant's self-insurance division respecting a certain shipment via Defendant of medical equipment,

04.     Defendant accepted Plaintiff's offer and agreed to provide up to $28,000 in insurance respecting the said shipment,

05.     When there was a loss on or about March 13, 2007, Plaintiff presented its claim to Defendant on or about March 23, 2007,

06.     Defendant refused to pay the insurance loss, thereby breaching its contract with Plaintiff,

07.     Defendants conduct was taken in reckless disregard of Plaintiff's rights,

08.     Defendant's breach of contract has proximately caused damages to Plaintiff,

WHEREFORE, Plaintiff requests judgment against Defendant under Count III for $28,000 in actual damages, costs, attorneys fees and such other relief as the Court allows.

Count IV – Vexatious Bad Faith Refusal To Settle Insurance Claim per 215 ILCS 5/155

01 – 05.     Plaintiff incorporates ¶s 01 – 05 from Count III as ¶s 01 – 05 of this Count IV.

4

06.   The attitude of Defendant acting as an insurance company via self insurance is an attitude of vexatious and unreasonable delay and refusal to settle an obviously owed claim,

07.   Despite repeated demands for payment of Plaintiff's claim, Defendant as an insurance company has refused to pay, obliging Plaintiff to file this lawsuit to get the claim money paid,

08.   Plaintiff has been deprived of the use of its property because of the unreasonable and vexatious delay attitude of Defendant in its refusal to pay Plaintiff's claim,

09.   Defendant's conduct violates 215 ILCS 5/155,

WHEREFORE, Plaintiff requests judgment under this Count IV for $28,000.00 plus interest from March 23, 2007 plus costs, attorneys and witness fees and such other relief as the Court allows.

_/s/ Wm B Thompson_
William B. Thompson #85324
Attorney for Plaintiff
P.O. Box 584, Wheaton, IL 60189
630-690-1971

5

**From:** Mike Cozzi [mailto:mcozzi@computrondisplay.com]
**Sent:** Monday, February 26, 2007 12:20 PM
**To:** andrew.oleferchik@icatlogistics.com
**Subject:** RE: Request for Quote

Andy,

Can you provide me with a quote for the following shipment.

From: Mt. Prospect IL 60056
To: Marlton, NJ 08053

2 Skids (all delivered to the same location):

**C-Arm**

| Dimensions | Actual Weight (lbs.) | Extras : | Need Lift Gate; Deliver to Doctor's Office; Remove & Dispose Garbage; 2 Man Operation |
|---|---|---|---|
| 90 x 43 x 80 | 900 | | |

**Monitor Cart**

| Dimensions | Actual Weight (lbs.) | Extras : | Lift Gate; Deliver to Office; Waste Removal |
|---|---|---|---|
| 65 x 43 x 72 | 600 | | |

The Declared Value is $109,000.
5 Day Shipping Service.

I would also like a quote to ship returning C-Arm and Monitor Cart (same Dims) with a DV of $25,000 from Marlton, NJ to Mount Prospect, IL.

Thank you,
Michael Cozzi
Manager, Sales Administration
Computron Display Systems
Phone: (847) 952-8800 x210
Fax: (847) 952-0832

The information contained in this message is confidential and may be legally privileged. The message is intended solely for the addressee(s). If you are not the intended recipient, you are hereby notified that any use, dissemination, or reproduction is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact the sender by return e-mail and destroy all copies of the original message.

X-1