IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMPUTRON MEDICAL CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> YELLOW TRANSPORTATION, INC., ) <br> ) <br> Defendant. ) | No. 07 C 6482 <br><br> Judge Gettleman <br> Magistrate Ashman |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Now comes defendant Yellow Transportation, Inc. ("Yellow"), by its undersigned attorneys, and for its answer and affirmative defenses to the Complaint of plaintiff Computron Medical Corp. ("Computron"), states and alleges as follows:

## ANSWER TO COMPLAINT

Unless specifically admitted in this Answer, all claims, theories, allegations and paragraphs in plaintiff's Complaint are denied.

### Count I — Negligence

1. Plaintiff is a Delaware corporation with offices in Addison, DuPage County,

**Answer:** Yellow lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and, therefore, denies the same.

2. Defendant is a foreign corporation doing business in DuPage County,

**Answer:** Yellow admits the allegations of paragraph 2 of the Complaint.

3. On or about February 26, 2007 Plaintiff contacted with Defendant by e-mail for confirmation that there would be insurance on Plaintiff's shipment of medical equipment on Defendant's transportation system, Ex. 1,

KC-1551962-1

1

**Answer:** Yellow admits that attached to Plaintiff's Complaint as Ex. 1 is an e-mail allegedly sent by Michael Cozzi to Andrew Oleferchik on February 26, 2007. Answering further, Yellow denies the remaining allegations of paragraph 3 of the Complaint.

4.  Defendant's employees and/or agents informed Plaintiff's Account Representative Mr. Michael Cozzi that the insurance would be "self insured" by Defendant through one of its internal division for $35,000,

**Answer:** Yellow denies the allegations of paragraph 4 of the Complaint. Answering further, Yellow is not an insurance company and does not sell insurance.

5.  Defendant had a duty to place the insurance on Plaintiff's said shipment of medical equipment,

**Answer:** Yellow denies the allegations of paragraph 5 of the Complaint. Answering further, Yellow is not an insurance company and does not sell insurance.

6.  There was damage in transit to Plaintiff's medical equipment on March 16, 2007,

**Answer:** Yellow admits that damage to the medical equipment was noted on the March 16, 2007 delivery receipt but denies any responsibility or liability for the alleged damage to the medical equipment.

7.  Plaintiff filed its insurance claim with Defendant on or about March 23, 2007,

**Answer:** Yellow admits that on March 23, 2007 Plaintiff filed a "Standard Form for Presentation of Loss and Damage Claims." Yellow denies that Defendant filed an insurance claim. Answering further, Yellow is not an insurance company and does not sell insurance.

8.  Defendant breached its duty by failing and refusing to pay Plaintiff's $28,000 insurance claim,

**Answer:** Yellow denies the allegations of paragraph 8 of the Complaint. Answering further, Yellow is not an insurance company and does not sell insurance.

9. Defendant's negligent breach of its duty proximately caused damages to Plaintiff in the amount of $28,000,

**Answer:** Yellow denies the allegations of paragraph 9 of the Complaint.

10. Defendant's conduct was taken in reckless disregard of Plaintiff's rights,

**Answer:** Yellow denies the allegations of paragraph 10 of the Complaint.

**WHEREFORE**, for the reasons set forth above, Yellow requests that Plaintiff take nothing, that its Complaint be dismissed, and that a judgment be entered in favor of Yellow for its costs, and for such other and further relief as this Court deems just and proper.

### Count II — Consumer Fraud Act Violations, 815 ILCS 505.1 et seq.

1. Plaintiff is a Delaware corporation with offices in Addison, DuPage County,

**Answer:** Yellow lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 1 (Count II) of the Complaint and, therefore, denies the same.

2. Defendant is a foreign corporation doing business in DuPage County,

**Answer:** Yellow admits the allegations of paragraph 2 (Count II) of the Complaint.

3. On February 26, 2007 Defendant's employee/agent Leon Delano stated to Plaintiff's Account Representative that Defendant would self-insure the $28,000 value of Plaintiff's shipment via Defendant of certain medical equipment,

**Answer:** Yellow denies the allegations of paragraph 3 (Count II) of the Complaint.

4. Defendant intended that Plaintiff's Representative would rely on Defendant's statement,

**Answer:** Yellow denies the allegations of paragraph 4 (Count II) of the Complaint.

5. Defendant's statement was one of material fact respecting the shipment because if Plaintiff's Representative had known it was false, Plaintiff would have bought insurance on this shipment elsewhere,

**Answer:** Yellow denies the allegations of paragraph 5 (Count II) of the Complaint.

6. Defendant's statement was false because it did not provide the self-insurance for Plaintiff's said shipment,

**Answer:** Yellow denies the allegations of paragraph 6 (Count II) of the Complaint.

7. Defendant's conduct was taken in reckless disregard of Plaintiff's rights,

**Answer:** Yellow denies the allegations of paragraph 7 (Count II) of the Complaint.

8. Defendant's conduct has proximately caused damages to Plaintiff,

**Answer:** Yellow denies the allegations of paragraph 8 (Count II) of the Complaint.

**WHEREFORE,** for the reasons set forth above, Yellow requests that plaintiff take nothing, that its Complaint be dismissed, and that a judgment be entered in favor of Yellow for its costs, and for such other and further relief as this Court deems just and proper.

### Count III — Breach of Contract

1. Plaintiff is a Delaware corporation with offices in Addison, DuPage County,

**Answer:** Yellow lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 1 (Count III) of the Complaint and, therefore, denies the same.

2. Defendant is a foreign corporation doing business in DuPage County,

**Answer:** Yellow admits the allegations of paragraph 2 (Count III) of the Complaint.

3. February 26, 2007 Plaintiff offered to buy insurance from Defendant's self-insurance division respecting a certain shipment via Defendant of medical equipment,

**Answer:** Yellow denies the allegations of paragraph 3 (Count III) of the Complaint. Answering further, Yellow is not an insurance company and does not sell insurance.

4. Defendant accepted Plaintiff's offer and agreed to provide up to $28,000 in insurance respecting the said shipment,

**Answer:** Yellow denies the allegations of paragraph 4 (Count III) of the Complaint. Answering further, Yellow is not an insurance company and does not sell insurance.

5. When there was a loss on or about March 13, 2007, Plaintiff presented its claim to Defendant on or about March 23, 2007,

**Answer:** Yellow admits that on March 23, 2007 Plaintiff filed a "Standard Form for Presentation of Loss and Damage Claims." Answering further, Yellow denies any responsibility or liability for the alleged damage to the medical equipment.

6. Defendant refused to pay the insurance loss, thereby breaching its contract with Plaintiff,

**Answer:** Yellow denies the allegations of paragraph 6 (Count III) of the Complaint. Answering further, Yellow is not an insurance company and does not sell insurance.

7. Defendants conduct was taken in reckless disregard of Plaintiff's rights,

**Answer:** Yellow denies the allegations of paragraph 7 (Count III) of the Complaint.

8. Defendant's breach of contract has proximately caused damages to Plaintiff,

**Answer:** Yellow denies the allegations of paragraph 8 (Count III) of the Complaint.

**WHEREFORE**, for the reasons set forth above, Yellow requests that plaintiff take nothing, that its Complaint be dismissed, and that a judgment be entered in favor of Yellow for its costs, and for such other and further relief as this Court deems just and proper.

### Count IV — Vexatious Bad Faith Refusal To Settle Insurance Claim per 215 ILCS 5/155

1-5. Plaintiff incorporates s 01 — 05 from Count III as ¶s 01 — 05 of this Count IV.

**Answer:** In response to paragraph 1-5 (Count IV), Yellow incorporates by reference and restates its responses to all preceding paragraphs.

6. The attitude of Defendant acting as an insurance company via self insurance is an attitude of vexatious and unreasonable delay and refusal to settle an obviously owed claim,

**Answer:** Yellow denies the allegations of paragraph 6 (Count IV) of the Complaint. Answering further, Yellow is not an insurance company and does not sell insurance.

7. Despite repeated demands for payment of Plaintiff's claim, Defendant as an insurance company has refused to pay, obliging Plaintiff to file this lawsuit to get the claim money paid,

**Answer:** Yellow denies the allegations of paragraph 7 (Count IV) of the Complaint. Answering further, Yellow is not an insurance company and does not sell insurance.

8. Plaintiff has been deprived of the use of its property because of the unreasonable and vexatious delay attitude of Defendant in its refusal to pay Plaintiff's claim,

**Answer:** Yellow denies the allegations of paragraph 8 (Count IV) of the Complaint. Answering further, Yellow is not an insurance company and does not sell insurance.

9. Defendant's conduct violates 215 ILCS 5/155,

**Answer:** Yellow denies the allegations of paragraph 9 (Count IV) of the Complaint. Answering further, Yellow is not an insurance company and does not sell insurance.

**WHEREFORE**, for the reasons set forth above, Yellow requests that Plaintiff take nothing, that its Complaint be dismissed, and that a judgment be entered in favor of Yellow for its costs, and for such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to Plaintiff's Complaint, Yellow states as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. If plaintiff suffered any damages, which are expressly denied, the negligence or fault of non-joined parties must be compared, which bars or diminishes plaintiff's right to recover herein.

3. Any damages that plaintiff may have suffered, which are expressly denied, were directly caused by or contributed to by plaintiff, and plaintiff should therefore be barred from recovery.

4. Plaintiff has failed to mitigate its damages, if any.

KC-1551962-1

5. Yellow met all of its obligations under all agreements.

6. Yellow acted reasonably under the circumstances of this case.

7. The shipment Yellow received for transportation was accepted in accordance with and subject to all the terms and conditions of the Uniform Straight Bill of Lading and Yellow's effective rates, rules, classifications and tariffs, and the rules and regulations of the Federal Motor Carrier Safety Administration, which together form the contract of carriage for the transportation of said shipment and define the responsibilities of Yellow in this matter. Yellow duly performed all of the terms and conditions thereunder which it was required to perform.

8. Yellow's liability to plaintiff, if any, is limited to the declared or released rate valuation in accordance with the Bill of Lading and Yellow's rates, rules, classifications and tariffs governing the subject shipment.

9. Under the Bill of Lading contract, Yellow is not liable for any loss or damage caused by or resulting from an act, omission or order of the shipper, or from a defect or inherent vice of the article, improper labeling, or improper packaging, packing or loading of the shipment by the shipper or anyone acting on behalf of the shipper.

10. The Bill of Lading contract and Yellow's rates, rules, classifications and tariffs do not contemplate carrier responsibility for special damages such as loss of use, loss of revenue, lost profits, additional contractor costs and the like. To the extent any of the damages sought by plaintiff in its Complaint constitute special damages, Yellow is not liable.

11. The Carmack Amendment to the ICCTA, 49 U.S.C. § 14706, preempts plaintiffs' federal common law claims against Yellow.

12. The Carmack Amendment to the ICCTA, 49 U.S.C. § 14706, preempts plaintiffs' state law claims, both statutory and common law, against Yellow.

13. Yellow reserves the right to plead any additional defenses as they become known through discovery in this case.

**WHEREFORE,** Yellow requests judgment dismissing with prejudice Plaintiff's Complaint, enter judgment in its favor and against Plaintiff and awarding defendant Yellow its costs in this action

Respectfully submitted,

s/Bruce C. Spitzer
Bruce C. Spitzer
METGE, SPITZER & KREID
30 West Monroe Street, Suite 630
Chicago, Illinois 60603
Telephone:   (312) 580-1710
Facsimile:   (312) 580-1711
ARDC No. 2691604

and

Kenneth R. Hoffman
David M. Buffo
BLACKWELL SANDERS LLP
4801 Main, Suite 1000
Kansas City, Missouri  64112
Telephone:   (816) 983-8000
Facsimile:   (816) 983-8080

*Attorneys for Yellow Transportation, Inc.*

KC-1551962-1

8

## CERTIFICATE OF SERVICE

I, Bruce C. Spitzer, an attorney, certify that on November 26, 2007, I served a copy of the foregoing document on each party of record registered with the CM/ECF system by electronically filing it with the Clerk of the United States District Court for the Northern District of Illinois, who will send notification of such filing to each of them, and by mailing a copy to each party of record not registered with the CM/ECF system, if any.

s/Bruce C. Spitzer